ROBERT L. MEZZETTI II, 114282
CAITLIN G. WHITWELL, 238013
MEZZETTI LAW FIRM, INC.
31 East Julian Street
San Jose, California 95112
(408) 279-8400

Attorneys for Defendants
The Williford Family Partnership, L.P.,
Individually and d/b/a Best Western Station
House Inn

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>THE WILLIFORD FAMILY PARTNERSHIP, L.P., INDIVIDUALLY AND D/B/A BEST WESTERN STATION HOUSE INN; LEWIS T. WILLIFORD, INDIVIDUALLY AND D/B/A BEST WESTERN STATION HOUSE INN; MARGIT J. WILLIFORD, INDIVIDUALLY AND D/B/A BEST WESTERN STATION HOUSE INN,<br><br>    Defendants. | NO. 2:11-cv-00675 KJM-DAD<br><br>ANSWER TO COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND MONETARY RELIEF; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS (CIVIL CODE §§ 51(f), 52); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990<br><br>DEMAND FOR JURY |

    COMES NOW Defendant THE WILLIFORD FAMILY PARTNERSHIP, L.P., INDIVIDUALLY AND D/B/A BEST WESTERN STATION HOUSE INN and demands a jury trial in the above action and answers the Complaint herein as follows:

    1.    Defendant lacks information concerning the allegations of paragraph 1, and thereby denies said allegations.

1

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3 that the Williford Family Partnership, L.P. owns, operates, manages the PUBLIC ACCOMMODATION and property. Defendant denies the allegations in paragraph 3 that Defendant leases (or leases to) the PUBLIC ACCOMMODATION and property and that Lewis T. Williford and Margit J. Williford[1] own, operate, manage, lease (or lease to) the PUBLIC ACCOMMODATION and property. Defendant denies that the Exhibit B attached to the Complaint are accurate.

4. Defendant **denies** the allegations contained in paragraph 4 as follows: that the Plaintiff was discriminated against when he personally encountered the following architectural barriers which relate directly to his mobility disability and which deprive him full and equal enjoyment of the premises in violation of the American with Disabilities Act ("ADA"); the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space(s), accessible route, accessible entrance; compliant door width; compliant door pressure and door handles; compliant door closing speeds; accessibility signage, striping, accessible cashier/service counter; the correct number and type of properly configured disabled guest rooms; that the letter dated July 21, 2010 (Exhibit C) nor the publication referenced therein were received by the Defendant; the Plaintiff made two (2) visits to the PUBLIC ACCOMMODATION and was deterred and foregone two (2) visits to the PUBLIC ACCOMMODATION during the past year and that the following deterred visits are based upon personal knowledge of existing mobility related architectural barriers which limits the Plaintiff's full and equal enjoyment of the PUBLIC ACCOMMODATION as these architectural barriers do not exist; the Plaintiff provided over seven (7) months from the date of the original notice of architectural barriers in hopes that the architectural barriers would be removed without the need of this lawsuit; that as of March 10, 2011 (the date of the filing of the Complaint) mobility architectural barriers remain; that this case involves the denial of access to the Plaintiff and

---

[1] Lewis T. Williford passed away on August 7, 1999. Margit J. Williford passed away on April 21, 2003.

others similarly situated; that Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law; that Plaintiff was denied his rights to full and equal access to the PUBLIC ACCOMMODATION because of the mobility related architectural barriers without difficulty and embarrassment when he went there on the referenced dates; that on the listed occasions, when the Plaintiff visited the PUBLIC ACCOMMODATION, he was not allowed full and equal enjoyment and access to the PUBLIC ACCOMMODATION because of the mobility related architectural barriers; that Plaintiff was humiliated and embarrassed, made to feel as if he was a second class citizen, and experienced humiliation, embarrassment, emotional damage and minimal physical personal injury; that Plaintiff was damaged due to the discriminatory experiences of the past year; that Plaintiff is entitled to the recovery of attorney's fees, litigation expenses and costs according to statute; that the van accessible disabled parking is non--compliant as alleged in Exhibit E and Exhibit F.

Defendant **lacks information concerning the allegations of paragraph 4, and thereby denies the following allegations**: the Plaintiff drives a van with a side entry wheelchair lift; the Plaintiff utilizes a wheelchair for mobility and has limited balance; the Plaintiff requires compliant clear space and landing due to his wheelchair, poor balance, reach and strength limitations; the Plaintiff requires compliant door width due to his wheelchair and door handles due to his limited grasping ability, strength and balance limitations; Plaintiff requires compliant door closing speeds so that the door does not close on either him or his Service Animal; that because of Plaintiff's wheelchair, reach limitations and limited grasping ability he requires compliant clear space and heights; that Plaintiff actually mailed the July 21, 2010 letter; that Plaintiff would like to be able to return and receive the goods/services as an equal.

Defendant **admits** the allegations contained in paragraph 4 as follows: the Plaintiff was never contacted regarding the issues; the Plaintiff made one (1) visit to the PUBLIC ACCOMMODATION on October 6, 2010;

The remainder of paragraph 4 contains legal conclusions, which do not require an admission or denial.

5.  Defendant admits the jurisdiction is proper in this matter. The remainder of paragraph 5 contains legal conclusions, which do not require an admission or denial.

6.  Defendant admits the venue is proper in this matter but denies the Plaintiff experienced discrimination.

7.  Defendant admits the case should be assigned to the Sacramento intradisctrict and agrees to Voluntary Dispute Resolution and an Early Settlement Conference.

8.  Paragraph 8 contains no charging allegation and, therefore, a response is not required.

9.  Defendant lacks information concerning the allegations of paragraph 9, and thereby denies said allegations as follows: Plaintiff is a person with quadriplegia and is confined to a wheelchair and yet Plaintiff and his "Service Animal" (Lennox) remain highly active and are involved in their community; that Plaintiff drives a full size Ford van which is equipped with hand-controls and a wheelchair lift; that if (and when) Plaintiff was to park in a non-van accessible disabled parking space, he could very easily be blocked from returning to his vehicle, which would restrict Plaintiff from leaving. If (and when) Plaintiff was to access a non-accessible restroom the problem could be compounded and could turn dangerous because of the non-accessibility.

10. Defendant admits the allegations in paragraph 10 that the Williford Family Partnership, L.P. is the owner, operator, manager of the PUBLIC ACCOMMODATION and of the subject real property. Defendant denies the allegations in paragraph 10 as follows: that Defendant Williford Family Partnership, L.P. is the leaser and lessor of the PUBLIC ACCOMMODATION and of the subject real property; that Lewis T. Williford and Margit J. Williford are owners, operators, managers, leasers and lessors of the PUBLIC ACCOMMODATION and of the subject real property; that each of the Defendants is and was the agent, employee or representative of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative

capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

11. Defendant denies the allegations in paragraph 11 as the site is compliant and that Defendant has failed to comply with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations adopted pursuant thereto.

FIRST CLAIM FOR RELIEF

Violation of the Americans with Disabilities Act of 1990

42 USC §§ 12101 FF

12. Defendant realleges its admissions and denials in paragraphs 1-11, inclusive, and incorporate those responses herein by reference.

13. Paragraph 13 contains no charging allegation and, therefore, a response is not required.

14. Paragraph 14 contains no charging allegation and, therefore, a response is not required.

15. Paragraph 15 contains no charging allegation and, therefore, a response is not required.

16. Paragraph 16 contains no charging allegation and, therefore, a response is not required.

17. Paragraph 17 contains no charging allegation and, therefore, a response is not required.

18. Paragraph 18 contains no charging allegation and, therefore, a response is not required.

19. Defendant denies the allegations of paragraph 19 that Plaintiff was subjected to discrimination on the basis of disability and that Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before March 10, 2011. The balance of paragraph 19 contain no charging allegations and, therefore, a response is not required.

20. Defendant denies the allegations of paragraph 20.

21. Defendant **denies** the allegations of paragraph 21 as follows: that the acts and omissions by Defendants at the PUBLIC ACCOMMODATION as state above which appear to be continuing, and which have the effect of wrongfully excluding Plaintiff from using the PUBLIC ACCOMMODATION; that such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff and as inferior and second class citizen and serve to discriminate against Plaintiff; Plaintiff is unable so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the public facility; the acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

Defendant **lacks information concerning the allegations of paragraph 4, and thereby denies the following allegations**: Plaintiff frequently travels within a short distance of the PUBLIC ACCOMMODATION, and thus will either continue to use the PUBLIC ACCOMMODATION and encounter the mobility related architectural barriers, which limit his full and equal enjoyment of the PUBLIC ACCOMMODATION or will refrain from using the PUBLIC ACCOMMODATION until the accommodations are provided; Plaintiff is a person with mobility related disability and requires the use of a wheelchair and a van with a wheelchair lift for movement in public places.

The balance of paragraph 21 contains no charging allegation and, therefore, a response is not required.

22. Paragraph 22 contains no charging allegation and, therefore, a response is not required.

23. Paragraph 23 contains no charging allegation and, therefore, a response is not required.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26. With regard to Plaintiff's statement regarding minimum damages of $4,000, this is not a charging allegation and therefore does not require a response.

27. Defendant denies the allegations of paragraph 27.

28. Paragraph 28 contains no charging allegation and, therefore, a response is not required.

### Affirmative Defenses

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that said complaint, and each alleged cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that plaintiffs unreasonably delayed in bringing their action against defendant, and that such delay prejudiced this defendant, and therefore, this action against this defendant is barred by the Doctrine of Laches.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that any fault was a result of fault on the part of persons and/or entities other than this answering defendant. Such fault bars and/or proportionately reduces any recovery by plaintiffs against this answering defendant.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that plaintiffs had directed, ordered, approved and ratified defendant's conduct and plaintiffs are therefore estopped from asserting any claim based thereon.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that prior

to the commencement of this action, this answering defendant duly performed, satisfied and discharged all duties and obligations that they may have owed to the plaintiffs arising out of any duties or obligations conferred upon Defendants by state or federal law.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that plaintiffs have failed to mitigate their damages, if any, and that such failure bars or diminishes any right to recovery to which plaintiffs may be entitled.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that the plaintiff are uncertain.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering defendant alleges that defendant operates a small business and is entitled to the protection of ADA 28 CFR 35.150(b)(2)(i)

WHEREFORE, Defendant prays that Plaintiff takes nothing against them by way of their Complaint; and that Defendant has judgment for it's costs of suit herein incurred, together with such other and further relief as the court may deem just and proper.

DATED:     June 1, 2011                    MEZZETTI LAW FIRM, INC.

                                           BY_____
                                           ROBERT L. MEZZETTI II

# PROOF OF SERVICE
(CCP §1013; 1013(a))

I, the undersigned, declare:

I am now, and at all times herein mentioned have been, a citizen of the United States and a resident of the County of Santa Clara; I am over the age of eighteen years and not a party to the within action; my business address is 31 East Julian Street, San Jose, California 95112.

On June 1, 2011, I served a copy of ANSWER TO COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND MONETARY RELIEF; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS (CIVIL CODE §§ 51(f), 52); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 on the parties below:

__XXX__ BY MAIL - by placing said copy in an envelope addressed as shown below, which envelope was sealed and, with postage full prepaid thereon, was then placed for collection and mailing at my place of business following ordinary business practices at San Jose, California.

_____ BY PERSONAL SERVICE - by delivering by hand and leaving a true copy with the person and at the address shown below.

_____ BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the parties by using their facsimile number indicated below.

_____ BY OVERNIGHT DELIVERY - by placing said copy in an envelope or package provided by an overnight delivery courier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery by the overnight delivery courier.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on June 1, 2011, at San Jose, California.

*/s/ Julie Marotta*
JULIE A. MAROTTA

**PARTY(S) SERVED:**

Scott N. Johnson, Esq.
DISABLED ACCESS PREVENTS INJURY, INC.
5150 Fair Oaks Blvd., Suite 101
PMB 253
Carmichael, CA 95608-5758
Tel.  (916) 485-3516
Fax.  (916) 481-4224
Email:    scottnjohnson@comcast.net